■ JOHN TUDOR, Formerly Known as ION UNGUREANU, Respondent, v PAMFIL A. RIPOSANU, Appellant. — Order, Supreme Court, New York County (Goldman, J.), entered on November 22, 1982 which granted reargument and, upon reargument, adhered to the original determination denying defendant's motion to dismiss or, in the alternative, to strike certain allegations of the complaint as scandalous and prejudicial, unanimously modified, on the law, to the extent of (1) dismissing the first cause of action unless plaintiff, within 30 days from the date of entry of this court's order, joins Harry Lipsig as an additional party defendant, and (2) dismissing the ninth, eleventh, thirteenth, fourteenth and fifteenth causes of the complaint and, as thus modified, the order is affirmed, without costs. The appeal from so much of the aforesaid order as denied the motion to dismiss scandalous and prejudicial matter is dismissed, in that permission to appeal therefrom has not been obtained. The appeal from the original determination (H. Schwartz, J.) entered on August 25, 1982 is dismissed, without costs, as having been superseded by the appeal from the November 22, 1982 order. We disagree with appellant that the other attorneys who had been retained, by either defendant or Lipsig, or both, are necessary parties. To the extent that other attorneys were consulted in connection with the claim, insofar as the issue of malpractice, they would be joint tort-feasors, at best, not indispensable or necessary parties under CPLR 1001 (subd [a]) (see *Fox v Western N. Y. Motor Lines*, 257 NY 305; *Siskind v Levy*, 13 AD2d 538). We also disagree that the presentation of a *de novo* espousal petition renders the malpractice claims premature since the denial by the State Department of the original petition is final and not subject to any appellate review within the department. However, we find that Lipsig is an indispensable party with respect to the first cause of action to rescind the retainer and the assignment. In an action for rescission, all parties to the agreement must be joined as necessary parties (*Denker v Twentieth Century-Fox Film Corp.*, 10 NY2d 339; 2 Weinstein-Korn-Miller, NY Civ Prac, par 1001.06). Accordingly, the first cause of action should be dismissed unless plaintiff joins Lipsig as a party defendant. We also find the ninth, eleventh and thirteenth through fifteenth causes of action are legally insufficient in that they fail to state cognizable claims for relief and should have been dismissed under CPLR 3211 (subd [a], par 7). Regarding the ninth cause of action, inasmuch as there is no corporation in existence, a derivative cause of action could not be asserted. The eleventh, thirteenth and fourteenth causes are likewise insufficient. Aside from the fact that each lacks requisite particularity to allege a claim for fraud and is unnecessarily vague (CPLR 3016), it is clear from the face of the pleading that plaintiff did not follow defendant's advice. Thus, there were no acts by plaintiff in reliance and he suffered no damage. Similarly insufficient is the fifteenth cause of action, which is so vague that it cannot be sustained as an independent cause of action, and is subsumed in the breach of fiduciary duty claim alleged in the seventh cause of action and may only be appropriate as an additional factual allegation in support of that claim for relief. Finally, to the extent that Special Term denied the motion to dismiss alleged scandalous and prejudicial matter (CPLR 3024), leave to appeal was required pursuant to CPLR 5701 (subd [b], par 3). Inasmuch as permission was never sought, the appeal to that extent should be dismissed. We have reviewed the other arguments advanced with respect to the balance of the complaint and find them lacking in merit. Concur — Sullivan, J. P., Silverman, Bloom, Fein and Kassal, JJ.