■ SEYMOUR B. GOLDFELD et al., Respondents, v MATTOON COMMUNICATIONS CORP. et al., Appellants. — Order entered May 31, 1983 in Supreme Court, New York County (Seymour Schwartz, J.), denying defendants' motion to dismiss the complaint, or, for a more definite statement, unanimously modified, on the law, to the extent of dismissing the first cause of action, and the order is otherwise affirmed, without costs. To the extent that the appeal purports to be from that part of the order which denied the alternate motion for a more definite statement, the appeal is dismissed as nonappealable as of right, without costs. Plaintiff held limited partnership interests in defendant Mattoon Associates. Defendant Mattoon Communications Corp. (MCC) is the general partner in this limited partnership. The two individual defendants, Bader and Silverman, each owned 50% of MCC until they sold MCC to defendant Camden in June of 1979, without notice to plaintiffs. The three causes of action in the amended complaint allege, respectively, (1) breach of the limited partnership agreement and the fiduciary duty owed them by MCC, Bader and Silverman; (2) an accounting, money damages and rescission of

plaintiffs' purchase of the limited partnership units; and (3) against Camden and MCC, money damages. On all of the causes of action plaintiffs further seek a declaration that the limited partnership agreement was an investment contract, with the purchase of the partnership units being a purchase of securities. Defendants never answered the amended complaint and their motion, denominated as one for summary judgment, should have been treated as one to dismiss the complaint for legal insufficiency. And because defendants submitted no evidentiary facts to rebut the complaint, the allegations in the second and third causes of action are sufficient to defeat the motion. (Cf. *Bethlehem Steel Corp. v Solow,* 51 NY2d 870, 872; *Brodsky v Nerud,* 68 AD2d 876, 877.) The first cause of action should have been dismissed however. There is not the slightest indication the limited partnership agreement was meant to govern the internal affairs of the corporate general partner MCC; a restriction on the sale of shares in MCC is nowhere found in the agreement or the private placement documents prepared by the individual defendants. Neither may we imply such a provision, for many reasons, the most obvious of which is the "merger clause" in the partnership agreement. Further, there has been no alteration of the tax benefit to the limited partners by the sale of MCC's shares to Camden, and thus no intrinsic logic to a prohibition against alienation of MCC shares. And since there was no breach of the partnership agreement, Camden cannot be liable for inducement to breach that contract. There being no justiciable controversy left upon this cause of action, no reason remains for a declaratory judgment on it. The first cause of action is dismissed. Lastly, we note that defendants sought no prior leave to appeal the denial of their motion to compel a more definite statement, and that portion of their argument which now attempts to raise that appeal must be dismissed. (*Tudor v Riposanu,* 93 AD2d 718.) Concur — Carro, J. P., Bloom, Fein, Milonas and Alexander, JJ.