**COASTAL MART, INC. and the Coastal Corporation, Plaintiffs,**

v.

**COASTAL OIL COMPANY and John A. Gargano, Defendants.**

**No. 88 Civ. 0867 (MP).**

United States District Court,
S.D. New York.

March 21, 1988.

Shea & Gould by Daniel L. Carroll, Lynne Fischman, New York City, for plaintiffs.

Kaye, Scholer, Fierman, Hays & Handler by John D. Chapman, Allan M. Pepper, New York City, for defendants.

## OPINION

MILTON POLLACK, Senior District Judge.

Defendant Gargano moves pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss the complaint for lack of personal jurisdiction. Defendant Coastal Oil moves pursuant to 28 U.S.C. § 1404(a) to transfer the claims against it to the District of New Jersey.

## FACTS

Defendant Coastal Oil is a New Jersey retailer and wholesaler of petroleum products and has been doing business in the state of New Jersey for the past fifty years. It is the owner of two federal registrations and a New Jersey state registration of the trademark "Coastal Oil Co." in effect since 1948. Plaintiff Coastal Corp. is a Delaware corporation based in Houston which markets gasoline at retail through its wholly-owned subsidiary, Coastal Mart, Inc., also a Delaware corporation with a principal place of business in Houston. Plaintiff Coastal Mart does business in New Jersey. Plaintiff Coastal Corp. is not authorized to do business in New Jersey

but has registered a trademark with that state.

Defendant Coastal Oil notified the plaintiffs by telephone that on Friday, January 8, 1988 it would move in the federal court in the District of New Jersey for a TRO to restrain the plaintiff Coastal Corp. and two of its affiliates, Belcher Co. and Derby Refining Co., from infringing on defendant's "Coastal" trademarks. In the Spring of 1987, Coastal Corp. attempted to buy or license the "Coastal" trademarks owned by defendant Coastal Oil. Defendant Coastal Oil asserts that despite Coastal Oil's refusal of Coastal Corp.'s offer, Coastal Corp. implemented a program to infringe the "Coastal" marks, actually opened a retail gas station in Houston using the mark and intended to open competing stations in New Jersey and elsewhere.

To provide the required notice of Coastal Oil's motion to its adversaries, its lawyer in New Jersey first telephoned Coastal Corp.'s general counsel and its director of litigation as well as representatives of Belcher and Derby, leaving lengthy messages regarding the January 8 hearing with their secretaries or other employees. Coastal Oil's lawyer received return phone calls from all three opposing parties acknowledging the notice.

The scheduled hearing for January 8, 1988 was delayed by a severe snowstorm that closed the courthouse until Monday, January 11, 1988. Notice of the postponement was telephoned to the various representatives of Coastal Corp., Belcher and Derby. Meanwhile, a copy of the complaint and supporting papers was furnished to Derby's representative. During the three-day interim, on Saturday, January 9, plaintiff Coastal Corp. commenced this suit in the Supreme Court of New York County by service of process in Massachusetts on the Chairman of the Board of Coastal Oil at his home in that state.

Coastal Oil's application for a preliminary injunction in the District of New Jersey was denied without prejudice, on the representations of the plaintiff Coastal Corp. and its counsel that the infringing activities had ceased and would not resume. However, the court continued jurisdiction over the dispute lodged there and refused the request of plaintiff Coastal Corp. to stay the New Jersey suit on the claim that this suit in New York was a prior pending action. The New Jersey court stated that plaintiff was given time to appear in the New York court only because of the application to delay the hearing for a TRO in New Jersey from January 8 to January 11 because of the snow and the court stated that "[t]o parlay that and say there is a prior action just doesn't ring true...."

Plaintiffs herein served an amended complaint in the New York state court suit on January 14, 1988, alleging: (1) infringement by Coastal Oil of a New Jersey trademark allegedly registered by Coastal Corp. in 1987; (2) fraud in the procurement of Coastal Oil's federal registration; and (3) disclosure of trade secrets by defendant Gargano, a former Coastal Mart employee. Defendant Gargano is a New Hampshire citizen who works in Massachusetts. Defendants Coastal Oil and Gargano filed a petition for removal of the case to this Court based on diversity jurisdiction on February 8, 1988. They filed this motion on February 16, 1988.[1] Defendant Coastal Oil filed an answer and counterclaims on February 18, 1988, asserting, *inter alia,* improper venue as an affirmative defense.

## DISCUSSION

I. *Gargano's Motion to Dismiss for Lack of Personal Jurisdiction*

 The law of the state in which the district court sits will govern the issue of

---

1. Although notice of this motion was given on February 16, answering papers were due under the rules by March 3 and the motion was returnable on March 8, 1988, the plaintiffs in the interim failed to submit any papers in opposition. Plaintiffs' lawyer stated that without any application to the Court for a postponement he and his adversary had agreed to an adjournment of the motion. A stipulation was presented to the Court on the return day which the Court rejected, and the Court ordered the motion to proceed as scheduled. Following the argument the plaintiffs were granted leave to submit opposing papers by noon on Friday, March 11, 1988.

jurisdiction. *See* Fed.R.Civ.P. 4(e). New York's long-arm statute provides for jurisdiction over a non-domiciliary defendant who

1. transacts business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state ...; or

3. commits a tortious act without the state causing injury ... within the state ..., if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

N.Y. CPLR 302(a). The defendant must also have minimum contacts with and avail himself of the benefits and protections of the state in order for the Court to exercise jurisdiction over him. *International Shoe Co. v. Washington,* 326 U.S. 310, 319–20, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945).

Defendant Gargano is a former employee of Belcher New England, an indirect subsidiary of Coastal Corp. and an affiliate of Coastal Mart. He is currently employed by Global Petroleum Corp., an affiliate of defendant Coastal Oil located in Massachusetts.

Plaintiffs claim that Gargano, while on a 2½ month assignment to Belcher's New Jersey office in January, 1987, conducted property and marketing surveys of various retail gasoline outlets. Plaintiffs allege that Gargano covered the New York region, travelling to New York on a number of occasions and surveying at least five specific locations in New York state. Plaintiffs claim that Gargano acquired confidential information regarding potential acquisition sites while conducting business for them in New York, which he allegedly disclosed to his new employer; defendant Coastal Oil allegedly intends to use the information to negotiate acquisitions.

Gargano swears in his affidavit that he never lived in or owned property in New York, and he denies that he derived income from New York activities or regularly solicited business in New York or engaged in any other persistent course of conduct in New York. He resides in New Hampshire and works in Waltham, Massachusetts. Gargano states that he visited New York only once on behalf of Coastal Corp.'s subsidiary, remaining there for less than 24 hours.

There is no claim that Gargano contracted to supply goods or services in New York. Gargano did not commit a tortious act within New York and it is not shown what, if any, injury has occurred within the state. Gargano believes plaintiffs refer in their claim to information concerning a chain of gas stations in New Jersey, which plaintiffs in fact acquired last month. Even if defendant committed a tortious act outside of New York causing injury in New York, he does not regularly do business or derive any substantial revenue from any activity related to New York.

Gargano did not "transact business" in New York, either. He spent less than one day in this state on his employer's behalf, without entering into any agreements or soliciting any business.[2]

Plaintiffs explain the basis of their claims against Gargano by proffering a statement by Coastal Mart's Zone Vice President, who "was *informed* that it is the disclosure of this type of [confidential] information that is the subject of the

---

**2.** Plaintiffs' reliance on *American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.,* 439 F.2d 428 (2d Cir.1971), is misplaced. There, the claims against the defendants were based directly upon employment contracts defendants executed in New York and the promises therein to keep certain material confidential and not to compete. *Id.* at 430. In addition, those defendants received a three-month training class in and had continuous contact with New York. *Id.* "The level of activity in New York by these defendants far exceeded the bare execution of employment contracts in New York." *Id.* at 432.

claims...." Zomack Affid. (emphasis added). That vague allegation, which serves as the sole basis for plaintiffs' assertion that this Court may exercise personal jurisdiction over Gargano, does not suffice.

Gargano does not have sufficient contacts or ties with New York to make it reasonable and just to subject him to this Court's jurisdiction. *International Shoe*, 326 U.S. at 320, 66 S.Ct. at 160.

## II. *Motion to Transfer to the District of New Jersey*

■ A district court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice, ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[3]

Several factors to be weighed in deciding a motion for transfer include:

(1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

*Berg v. First American Bankshares, Inc.*, 576 F.Supp. 1239, 1241 (S.D.N.Y.1983) (citing *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y.1967) (Weinfeld, J.)).

The movant has the burden of making " 'a clear cut showing ... that convenience and justice for all the parties demands that the litigation proceed elsewhere.' " *Berg*, 576 F.Supp. at 1241 (citation omitted). Plaintiff's choice of forum is to be accorded considerable weight, 576 F.Supp. at 1241, but less weight if " '[t]he operative facts of [the] case have no material connection with this district.' " *Mobile Video Services, Ltd. v. National Ass'n of Broadcast Employees and Technicians, AFL–CIO*, 574 F.Supp. 668, 671 (S.D.N.Y.1983) (quoting *Credit Alliance Corp. v. Nationwide Mutual Ins. Co.*, 433 F.Supp. 688 (S.D.N.Y. 1977)). Deciding between competing jurisdictions under § 1404(a) is committed to the discretion of the trial judge. *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979).

Coastal Oil argues that no one is convenienced by litigating in New York since no parties are located in New York and no one was injured here. None of the parties are incorporated in New York or have New York as a principal place of business. Coastal Oil is a New Jersey corporation and has done business in New Jersey for the past fifty years. Although Coastal Mart is authorized to do business in New York and defendant admittedly is qualified to do business in states all along the eastern seaboard, including New York, all parties engage in business acitivities in New Jersey, as is discussed more fully below.

Coastal Oil asserts that no foreseeable witnesses are located here and that no evidence is located in New York.[4] Plaintiffs contend that Coastal Oil did not specifically identify the witnesses and their residences or any issues as to which defendant intends to present evidence at trial.

Coastal Oil sufficiently lists the types of witnesses that would appear and their locations. It states that most, if not all, persons knowledgeable about the New Jersey trademark registration are located in New Jersey or Texas and those involved with the application for federal registration are located where Coastal Oil is incorporated

---

**3.** This suit might have been brought in New Jersey, where the claims arose and where the remaining defendant, Coastal Oil, resides. 28 U.S.C. § 1391.

**4.** Coastal Oil contends that most witnesses will be subject to the New Jersey court's process but not to this Court's since no party is present in this district. This view is based on plaintiffs' representation that service on them in New York for the preliminary injunction hearing in New Jersey was null and void since neither corporation was present in New York. Plaintiff Coastal Mart is authorized to do business in New York, however.

and has its principal place of business, New Jersey. Coastal Oil also lists the types of evidence necessary for trial with respect to plaintiffs' various claims; the locations of documents include New Jersey, not New York.

Coastal Oil further argues that most of the relevant events took place in New Jersey and that none occurred in New York—plaintiffs' claims relate to a trademark allegedly registered in New Jersey and Coastal Oil's allegedly fraudulent representations regarding its federal trademark originated in New Jersey. No material connection exists between this district and the operative facts in this dispute. *Mobile Video*, 574 F.Supp. at 671.

Finally, Coastal Oil argues that the interests of justice strongly militate in favor of transfer to New Jersey because plaintiffs engaged in pernicious forum shopping, after receiving the required notice prior to the hearing on Coastal Oil's order to show cause for a restraining order. Coastal Oil also emphasizes that the action pending in New Jersey is very closely related to this one and cites *Berg*, 576 F.Supp. at 1243 ("Pendency of such a related action in the transferee forum weighs heavily in favor of transfer"). Plaintiffs argue that said defendant's reliance on *Berg* is misplaced, because in that case the court contemplated consolidation in the transferee district of the two cases. That court went on to state, however, that even if the cases were not going to be consolidated, the fact that they were "intimately related remain[ed] a strong reason for transfer." *Id.* at 1244.

Plaintiffs filed this suit only after being apprised in advance, in pursuance of the New Jersey District Court's rules, of the pendency of Coastal Oil's proceedings in that forum seeking injunctive relief against Coastal Corp. and two of its affiliates. To represent that the present suit is an action commenced and pending prior to the commencement of the New Jersey suit is farcical. Only an unexpected Friday snowstorm and service effected on a Saturday morning in Massachusetts gave questioned priority to the present action. Even though a lawsuit is earlier filed it may still

be transferred. *See Factors Etc.*, 579 F.2d at 218–219 (special circumstances may justify giving priority to the second suit). The district court in New Jersey is already familiar with the proceedings between Coastal Oil and Coastal Corp. Moreover, these two cases involve the same trademark dispute and are intimately related.

Plaintiffs argue that the New Jersey court might not have jurisdiction over Coastal Corp. because it is not authorized to conduct business in New Jersey (or New York, for that matter). Coastal Corp. filed a motion to dismiss the complaint in New Jersey on jurisdictional grounds and withdrew its motion, with leave to renew, in order to conduct discovery on the issue.

Judge Lechner in New Jersey, without ruling on the matter, has expressed doubt as to the validity of Coastal Corp.'s motion to dismiss and stated:

[Coastal Corp. has] availed [itself] of certain conduct in [New Jersey] which should give [it] notice that [it] might be hauled into court and the certain conduct that [it has] engaged in is precisely the conduct which results in [the New Jersey] lawsuit.

Tr. of Jan. 21, 1988 proceedings, Chapman Affid., Exh. L at 19. The "certain conduct" refers to negotiations that admittedly occurred in New Jersey between the parties for Coastal Corp.'s proposed purchase of Coastal Oil's mark.

Furthermore, plaintiff Coastal Corp. registered its own trademark in New Jersey and states on its application for registration that the date on which it first used the mark in New Jersey was May 8, 1987. Plaintiff sent a check dated June 15, 1987 to the New Jersey Secretary of State to cover the filing fee in that state. Plaintiffs now seek, *inter alia*, a declaration of their rights with respect to that very trademark.

Defendant also notes Coastal Corp.'s representation in a recent prospectus for a note offering that it engages in substantial business activities and owns substantial property in New Jersey. Coastal Corp. has in fact recently agreed to purchase a chain of gas stations in New Jersey.

In light of the events that have occurred in this dispute thus far and on the totality of the circumstances, the convenience of the parties and witnesses and the interests of justice dictate transfer of the present action to the federal court for the District of New Jersey.

## CONCLUSION

The motion to dismiss the complaint for lack of jurisdiction over defendant Gargano is granted. The motion to transfer the claims against defendant Coastal Oil to the District of New Jersey is likewise granted.

The Clerk is directed, in accordance with Local Rule 26, forthwith, to certify copies of this opinion ordering the transfer, of this Court's order, and of the docket entries in the case, and the originals of all other papers on file in the case, to the United States Court for the District of New Jersey, at Newark, New Jersey.

So Ordered.