■ BARAN COMPUTER SERVICES, LTD., Appellant, v FIRST BANK OF MAURY COUNTY et al., Respondents.—In an action to recover damages based, *inter alia,* on the alleged wrongful dishonor of certain checks, the plaintiff appeals from an order of the Supreme Court, Richmond County (Cusik, J.), dated June 10, 1987, which granted that branch of the defendants' motion which was to dismiss the action for lack of personal jurisdiction.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the action as against the defendant the First Bank of Maury County (hereinafter the Bank), for lack of personal jurisdiction, and substituting therefor a provision directing a hearing on that branch of the defendants' motion; as so modified, the order is affirmed, with costs to the defendants; and the matter is remitted to the Supreme Court, Richmond County, for determination of the remaining issues raised on the defendants' motion.

On or about March 15, 1985, Emile E. Gouiran (the purported attorney for the plaintiff) was elected as Chairman of the Board and Chief Executive Officer of the Bank. The defendant Larry D. Henson was elected to serve as the President and Chief Operating Officer of the Bank. Gouiran, a resident of Staten Island, New York, was thereafter instrumental in arranging various loans by the Bank to certain residents of New York, including Stanley J. Mrozeck, who is the president of the plaintiff. The plaintiff also opened a checking account with the Bank, the funds of which Mrozeck allegedly used to pay off his personal loan obligations.

The present action is based on allegations that the defendants wrongfully dishonored certain checks made by the plaintiff. The defendants made a motion to dismiss the action on several grounds, including lack of personal jurisdiction. The Supreme Court granted the motion and dismissed the action against both defendants on the basis of lack of personal jurisdiction, and addressed no other issue. We now affirm the dismissal of the action insofar as it is against Henson, but

reverse and direct a hearing as to whether the Supreme Court has jurisdiction over the Bank.

There is no statutory basis for the exercise of personal jurisdiction over Henson. Henson is not a domiciliary of this State and did not personally conduct any business in this State (cf., CPLR 301, 302 [a] [2]). His status as an officer of a corporate defendant which might be subject to jurisdiction in this State does not render him personally subject to such jurisdiction (see, Laufer v Ostrow, 55 NY2d 305; Sheldon v Kimberly-Clark Corp., 105 AD2d 273).

With respect to the Bank, however, we conclude that issues of fact exist which warrant a hearing as to whether it transacted business in the State of New York within the meaning of CPLR 302 (a) (2). Among the issues of fact to be decided in connection with this determination are whether Gouiran's solicitation of loan customers in New York was authorized by the Bank and whether the Bank benefited from these loans in any appreciable way (see generally, Lupton Assocs. v Northeast Plastics, 105 AD2d 3; see also, Coastal Mart v Coastal Oil Co., 681 F Supp 1090).

We note that if the Bank is held to be subject to personal jurisdiction in New York, several branches of the defendants' motion to dismiss would remain to be addressed. We have not passed on the issues raised in those branches of the defendants' motion to dismiss, since the defendants, on appeal, have not argued that affirmance of the order dismissing the action as against the Bank is warranted for any reason other than those relied upon by the Supreme Court. Also, we have not passed on the question of whether the "Law Offices of Emile E. Gouiran" may continue to represent the plaintiff, since this issue was not addressed by the Supreme Court and is not specifically raised on appeal. We merely direct the attention of the Supreme Court to these and the other remaining issues, which should be addressed upon the remittitur.

Finally, the appendix prepared by the plaintiff in this case was palpably inadequate and the attorneys for the plaintiff are directed to reimburse the attorneys for the defendants for the cost incurred in preparing the defendants' appendix, as well as for all disbursements incurred by them in connection with this appeal. Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.