■ MARINE MIDLAND BANK, N. A., Appellant-Respondent, v HALLMAN'S BUDGET RENT-A-CAR OF ROCHESTER, INC., et al., Respondents-Appellants. [613 NYS2d 92] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover approximately $1.5 million allegedly due on a series of loans made to defendants. In their answer defendants raised six affirmative defenses and five counterclaims. Before serving its reply, plaintiff moved to

dismiss the affirmative defenses and counterclaims. Defendants cross-moved for leave to amend their answer and for partial summary judgment dismissing plaintiff's first, third, seventh, ninth and thirteenth causes of action.

Supreme Court properly dismissed defendants' second counterclaim, alleging plaintiff's breach of fiduciary duty. "The legal relationship between a borrower and a bank is a contractual one of debtor and creditor and does not create a fiduciary relationship between the bank and its borrower or its guarantors" (*Bank Leumi Trust Co. v Block 3102 Corp.,* 180 AD2d 588, 589, *lv denied* 80 NY2d 754). Defendants' fifth counterclaim, alleging economic duress, was also properly dismissed. " '[T]he threatened exercise of a legal right cannot constitute duress' " (*Marine Midland Bank v Mitchell,* 100 AD2d 733). The court erred, however, in declining to dismiss the fourth counterclaim, alleging fraudulent inducement of the Workout Agreement and the Amendment to that agreement. Given the express terms of those agreements, any reliance by defendants upon the misrepresentations allegedly made by plaintiff would not be justified (*see, Bank Leumi Trust Co. v D'Evori Intl.,* 163 AD2d 26, 32).

Plaintiff contends that the remaining affirmative defenses and counterclaims are barred by the release contained in the Workout Agreement and incorporated in the Amendment. By its terms, however, the release extends only to claims or defenses arising "to the date of this Agreement." We conclude, therefore, that the court properly denied plaintiff's motion to dismiss the fifth affirmative defense because that defense arose after September 26, 1991, the date of the Agreement. Further, to the extent that the sixth affirmative defense and first and third counterclaims arose before September 26, 1991, that defense and those counterclaims are dismissed. To the extent that they arose after that date, however, that defense and those counterclaims are not dismissed. There are questions of fact whether defendants complied with the notice provisions of the Workout Agreement and Amendment.

Supreme Court properly granted the motion of defendants for leave to amend the answer to assert the affirmative defense of release and waiver. Leave to amend pleadings is to be freely given (*see,* CPLR 3025 [b]; *Murray v City of New York,* 43 NY2d 400, 404-405). Contrary to plaintiff's argument, the proposed amendment is not " 'palpably insufficient on [its] face' " (*Washburn v Citibank [S.D.],* 190 AD2d 1057, quoting *Mathieson v Mead,* 168 AD2d 736, 737).

Defendants' cross motion for partial summary judgment dismissing plaintiff's first, third, seventh, ninth and thirteenth causes of action was properly denied. Defendants did not meet their burden of establishing their defenses "sufficiently to warrant the court * * * in directing judgment in [their] favor" *(see,* CPLR 3212 [b]; *Ayotte v Gervasio,* 81 NY2d 1062).

We modify the order appealed from, therefore, by reversing that part of the order denying plaintiff's motion to dismiss defendants' fourth counterclaim. We further modify by reversing those parts of the order granting plaintiff's motion to dismiss the sixth affirmative defense and first counterclaim to the extent that the defense and counterclaim arose after September 26, 1991. We further modify by dismissing those parts of the third counterclaim that arose before September 26, 1991. Otherwise, the order is affirmed. (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J.—Dismiss Affirmative Defenses.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.