■ MARINE MIDLAND BANK, N. A., Respondent, v YILMAZ YORUK, Appellant, et al., Defendants. [662 NYS2d 957] —Order

and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiff's motion for summary judgment striking the amended answer and dismissing the counterclaims in this action to foreclose two consolidated mortgages. The court properly dismissed the first counterclaim alleging a violation of the Equal Credit Opportunity Act (15 USC § 1691 *et seq.* [ECOA]). Plaintiff established as a matter of law that it did not violate the ECOA or a regulation promulgated thereunder when it denied defendant an extension of credit by its submission of evidentiary proof in admissible form that defendant was not qualified for an extension of credit because he was in default (*see, Mercado-Garcia v Ponce Fed. Bank,* 779 F Supp 620, 627-628, *affd* 979 F2d 890). Yilmaz Yoruk (defendant) failed to come forward with evidentiary proof in admissible form showing the existence of an issue of fact.

The court also properly dismissed the counterclaim and affirmative defense alleging that plaintiff breached its fiduciary duty to provide defendant with an accounting. The right to an accounting requires the existence of a confidential or fiduciary relationship (*see, Penato v George,* 52 AD2d 939, 942, *appeals dismissed* 42 NY2d 908). The legal relationship between the parties here is a contractual one of debtor and creditor and not a fiduciary relationship (*see, Marine Midland Bank v Hallman's Budget Rent-A-Car,* 204 AD2d 1007, 1008). Moreover, pursuant to the terms of the modification and extension agreements dated May 5, 1995, defendant waived and released any claim then existing, including one for an accounting, against plaintiff, thereby prohibiting any entitlement to an accounting for the period of time preceding May 5, 1995 (*see, Marine Midland Bank v Hallman's Budget Rent-A-Car, supra,* at 1008; *Appel v Ford Motor Co.,* 111 AD2d 731, 732).

Finally, the court properly dismissed the affirmative defense alleging that plaintiff breached an implied covenant of good faith and fair dealing. The obligation defendant seeks to impose on plaintiff would be inconsistent with the terms of the parties' agreement, and it is well settled that an obligation may not be implied that " 'would be inconsistent with other terms of the contractual relationship' " (*Sabetay v Sterling Drug,* 69 NY2d 329, 335). (Appeal from Order and Judgment of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Green, J. P., Pine, Doerr, Balio and Fallon, JJ.