■ RETTY FINANCING, INC., Individually and on Behalf of PETER BÜTZOW and RISTO K. OVASKA, as Trustees in Bankruptcy for the Estate of JUSSI H. UOTI, Deceased, Appellant, v MORGAN STANLEY DEAN WITTER & Co., Respondent. [740 NYS2d 198] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered May 24, 2001, dismissing the complaint and bringing up for review an order, same court and Justice, entered May 24, 2001, which granted defendant's motion to dismiss pursuant to CPLR 3211, unanimously affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

The motion court properly dismissed plaintiff's breach of contract and negligence causes of action arising out of the transfer of funds out of plaintiff's account at the request of a bankrupt principal, Jussi Uoti. The limitation of liability provision within the parties' contract, providing that defendant would be subject to liability only for gross negligence or willful misconduct in its management of the subject investment fund, was unambiguous and applicable to the instant matter. The allegations of the complaint fail to set forth actions by defendant evincing "a reckless disregard for the rights of [plaintiff] or 'smack[ing]' of intentional wrongdoing" (*see, Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824), particularly in view of plaintiff's failure to advise defendant of Uoti's bankruptcy in Finland or of his request to plaintiff for the transfer of funds in the account. Plaintiff's conversion and breach of fiduciary duty claims were also properly dismissed, since they are duplicative of the breach of contract cause of action (*see, Peters Griffin Woodward v WCSC, Inc.*, 88 AD2d 883; *and see,*

*William Kaufman Org. v Graham & James*, 269 AD2d 171, 173).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.