■ SNS Bank, N.V., Appellant, v Citibank, N.A., et al., Respondents. [777 NYS2d 62]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about August 6, 2003, which dismissed the amended complaint, unanimously affirmed, with costs.

Personal jurisdiction was never acquired over the directors of defendant Captiva Finance, a Cayman Islands corporation (*see* CPLR 302 [a] [1]). These directors reside variously in the Caymans, Bermuda, England and Luxembourg, and all except two of them submitted affidavits stating that they conducted their directorial duties outside the State of New York. As for the two directors who attended a Captiva board meeting in New York in December 2000, there was no "substantial nexus between the business transacted [here] and the cause of action" sued upon (*Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 308 [2003]), inasmuch as the complaint is directed at omissions from a 1996 offering memorandum and the replacement of the financial manager in 1999.

The IAS court properly exercised its discretion in denying plaintiff's request for jurisdictional discovery. Plaintiff's affida-

vit in opposition to defendants' motion to dismiss did not request such discovery (*see* CPLR 3211 [d]), and plaintiff failed to offer "some tangible evidence which would constitute a 'sufficient start' in showing that jurisdiction could exist, thereby demonstrating that its assertion that a jurisdictional predicate exists is not frivolous" (*Mandel v Busch Entertainment Corp.*, 215 AD2d 455, 455 [1995]). The fact that Captiva has submitted to the jurisdiction of the New York courts does not mean that its directors have done so (*see e.g. Baran Computer Servs. v First Bank of Maury County*, 143 AD2d 63, 64 [1988]).

Plaintiff claims that Captiva breached its fiduciary duty by permitting Citibank to become financial manager in the summer of 1999 and failing to properly monitor or fire Citibank thereafter. The first step in any choice-of-law analysis is to determine if there is actually a conflict between the laws of the competing jurisdictions (*Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 223 [1993]). If there is none, then the law of the forum state where the action is being tried should apply (*Excess Ins. Co. v Factory Mut. Ins. Co.*, 2 AD3d 150, 151 [2003]). Under New York law, Captiva would not owe plaintiff a fiduciary duty because the relationship between them is one of debtor and note-holding creditor (*see Fallon v Wall St. Clearing Co.*, 182 AD2d 245, 250 [1992]; *Banco Espirito Santo de Investimento v Citibank*, 2003 WL 23018888, *17, 2003 US Dist LEXIS 23062, *50 [SD NY, Dec. 22, 2003]), which is purely contractual (*see Marine Midland Bank v Yoruk*, 242 AD2d 932 [1997]). Even under the law of the Caymans, where Captiva was incorporated, it is unrefuted that Captiva would owe no fiduciary duty to plaintiff.

Plaintiff's claim that Captiva breached the subscription agreement by failing to create and maintain a structure in which a financial manager independent of Citibank would serve, subject to the oversight of independent Captiva directors and an independent administrative agent and administrative committee, was properly dismissed. Plaintiff concedes that no specific provision of the subscription agreement or the offering memorandum (which the subscription agreement incorporates by reference) created such a duty. In light of the merger clause in the subscription agreement, the obligations plaintiff seeks to impose should not be added to the parties' contract (*see e.g. Goldfeld v Mattoon Communications Corp.*, 99 AD2d 711, 712 [1984], *appeal dismissed* 62 NY2d 802 [1984]).

To be sure, a merger clause does not prevent a court from inferring a covenant of good faith and fair dealing (*see Havel v Kelsey-Hayes Co.*, 83 AD2d 380, 384 [1981]). However, such an

obligation can only be found where the implied term is consistent with other terms in the contract (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983]). The offering memorandum specifically stated that Citibank was the administrative agent, that two of the three members of the administrative committee were Citibank employees (and the third was of counsel to a firm that provided a significant amount of legal services to Citibank), and that Captiva could fire the financial manager at any time. Hence, it would be contrary to the explicit terms of the parties' contract to infer an obligation on Captiva's part to guarantee an independent financial manager, administrative agent and administrative committee. Although it would not be contrary to the offering memorandum to infer an obligation that the Captiva directors be independent, such a promise is not " 'so interwoven in the whole writing' of a contract as to be necessary for [the] effectuation of the purposes of the contract" (*M/A-COM Sec. Corp. v Galesi*, 904 F2d 134, 136 [2d Cir 1990]).

Counts IV and V (breach of the administration agreement and the financial management agreement by Citibank) were properly dismissed because plaintiff is not an intended third-party beneficiary of either contract (*see e.g. State of California Pub. Employees' Retirement Sys. v Shearman & Sterling*, 95 NY2d 427, 434-435 [2000]; *Banco Espirito Santo*, 2003 WL 23018888, at *10, 2003 US Dist LEXIS 23062, at *29). Furthermore, plaintiff's claim that Citibank breached the financial management agreement by making improper, imprudent, and unsuitable investments would be barred by that contract's exculpatory clause (*see e.g. Retty Fin. v Morgan Stanley Dean Witter & Co.*, 293 AD2d 341 [2002]). Even on a motion to dismiss, a court need not accept as true conclusory allegations that a defendant was grossly negligent or acted willfully, in bad faith or with reckless disregard of its duties (*see e.g. Perl v Smith Barney Inc.*, 230 AD2d 664, 665 [1996], *lv denied* 89 NY2d 803 [1996]).

Plaintiff's claims for breach of fiduciary duty against Citibank and the Citibank employees who were members of the administrative committee were properly dismissed because the parties merely had an arm's length business relationship (*see e.g. Ponte & Sons v American Fibers Intl.*, 222 AD2d 271, 272 [1995]; *In re Mid-Island Hosp., Inc.*, 276 F3d 123, 130 [2d Cir 2002], *cert denied* 537 US 882 [2002]). As in *Societe Nationale D'Exploitation Industrielle Des Tabacs Et Allumettes v Salomon Bros. Intl.* (251 AD2d 137, 138 [1998], *lv denied* 95 NY2d 762 [2000]), plaintiff's "subjective claims of reliance on defendants' expertise" did not give rise to a "confidential relationship"

whose "requisite high degree of dominance and reliance" was not in existence prior to the transaction giving rise to the alleged wrong.

Plaintiff's reliance on cases decided under the Investment Company Act of 1940 is unavailing. In the subscription agreement, plaintiff acknowledged that Captiva would not be registered as an investment company under that statute.

Defendants were not plaintiff's agents because plaintiff lacked the requisite control (*see e.g.* Restatement [Second] of Agency § 2; *In re Shulman Transp. Enters., Inc.*, 744 F2d 293 [2d Cir 1984]). Plaintiff's argument that Citibank admitted being a fiduciary is unavailing. The "use of the word 'fiduciary' . . . cannot alone establish fiduciary duties on the part of the named person or entity" (*Campbell v Computer Task Group*, 2001 WL 815575, *4, 2001 US Dist LEXIS 9960, *12 [SD NY, July 19, 2001]). In any event, plaintiff cannot rely on the November 1995 brochure because it was superseded by the June 1996 offering memorandum.

Plaintiff's cause of action for misrepresentation is based on defendants' failure to disclose various items in the offering memorandum. However, an omission does not constitute fraud unless there is a fiduciary relationship between the parties (*see e.g. Elghanian v Harvey*, 249 AD2d 206 [1998]). Furthermore, the amended complaint contains no factual (as opposed to conclusory) allegations that defendants acted with intent to defraud (*see e.g. Abelman v Shoratlantic Dev. Co.*, 153 AD2d 821, 822 [1989]; *Empire of Am., Fed. Sav. Bank v Andersen & Co.*, 129 AD2d 990, 991 [1987]).

Plaintiff's claim of unjust enrichment based on defendants' receipt of fees for services they allegedly did not perform was barred by the existence of valid and enforceable written contracts governing that subject matter (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Citibank's fees are set forth in the administration agreement and the financial management agreement, the administrative committee members' reimbursements are set forth in the administration agreement, and the payment of Captiva's expenses is set forth in the offering memorandum (which, in turn, summarized other agreements).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Williams, JJ.