■ ODDO ASSET MANAGEMENT, Appellant, v BARCLAYS BANK PLC et al., Respondents, et al., Defendants. [923 NYS2d 327]—

Appeal from order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered April 26, 2010, which, inter alia, granted the Barclays defendants' and The McGraw-Hill Companies, Inc.'s motions to dismiss the complaint as against them, deemed appeal from judgment, same court and Justice,

entered May 12, 2010 (CPLR 5501 [c]), dismissing the complaint, and, so considered, the judgment unanimously affirmed, with costs.

The causes of action for aiding and abetting a breach of fiduciary duty fail to allege that the collateral managers of the structured investment vehicles (SIV-Lites) had any contact or relationship with plaintiff such as would give rise to an underlying fiduciary duty to plaintiff (*see Kaufman v Cohen*, 307 AD2d 113, 125 [2003]). Plaintiff's creditor-debtor relationship with the SIV-Lites did not give rise to such a fiduciary duty (*see SNS Bank v Citibank*, 7 AD3d 352, 354 [2004]). Even if, as plaintiff urges, a different standard of fiduciary duty were appropriate based on the nature of investments in structured investment vehicles, the result would be the same, since no relationship is alleged to have existed between plaintiff and the collateral managers (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 561-562 [2009]).

The causes of action for tortious interference with a contract fail to allege an actual breach of the underlying contract (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424-425 [1996]; *Marks v Smith*, 65 AD3d 911, 916 [2009], *lv denied* 15 NY3d 704 [2010]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Acosta, Freedman and Abdus-Salaam, JJ.