# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1017**

**CA 12-00234**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF GAMALIEL (TONY) DOMINGUEZ,
PETITIONER-RESPONDENT,

        V                        MEMORANDUM AND ORDER

MONROE COUNTY SHERIFF PATRICK M. O'FLYNN,
CAPTAIN ANDREW FORSYTHE, LIEUTENANT JOHN
DIMARTINO AND DEPUTY PATRICIO ROJAS, JR.,
IN THEIR OFFICIAL CAPACITIES,
RESPONDENTS-APPELLANTS.
(APPEAL NO. 2.)

---

WILLIAM K. TAYLOR, COUNTY ATTORNEY, ROCHESTER (BRIAN E. MARIANETTI OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered November 16, 2011 in a proceeding pursuant to CPLR article 78. The judgment, inter alia, vacated the termination of petitioner and ordered his reinstatement.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the third and fourth decretal paragraphs and as modified the judgment is affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge his termination from employment as a deputy in the Monroe County Sheriff's Office based on his violation of three departmental rules and regulations. Following a hearing, Supreme Court granted those parts of the petition seeking to vacate the findings of guilt with respect to counts two and three and ordered that petitioner be reinstated with back pay. The court affirmed the finding of guilt with respect to count one, which alleged that petitioner engaged in conduct unbecoming a deputy sheriff in violation of section 4.1 of the Monroe County Sheriff's Office Rules and Regulations, and petitioner has not cross-appealed with respect to that charge. Petitioner previously signed a Last Chance Agreement (Agreement) when he pleaded guilty to prior charges of misconduct and, pursuant to the express terms of the Agreement, any violation of, inter alia, a rule or regulation "shall constitute just cause for his immediate termination." Thus, we need only determine whether the Agreement is

enforceable to warrant the penalty of termination.

We conclude that Supreme Court erred in determining that the Agreement was unenforceable on the ground that petitioner was placed in the "untenable position" of having to sign the Agreement or face termination. Courts in this state have repeatedly enforced such "last chance agreements" under the theory that a public employee may give up rights that the employee would otherwise have under the common law, statute or a collective bargaining agreement provided that the waiver is "freely, knowingly and openly arrived at, without taint of coercion or duress" (*Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown*, 46 NY2d 450, 455, *rearg denied* 46 NY2d 1076, *cert denied* 444 US 845). As the Second Department wrote in a similar context, "it is clear that by means of a settlement an employee who enjoys permanent status may, if voluntarily and knowingly done, waive statutory and contractual rights to a hearing before dismissal, where such waiver serves as the consideration for the curtailment of pending disciplinary proceedings" (*Whitehead v State of New York, Dept. of Mental Hygiene*, 71 AD2d 653, 654, *affd for reasons stated* 51 NY2d 781).

Here, although petitioner may eventually have been terminated if he did not sign the Agreement and instead had proceeded with a disciplinary hearing on the charges then pending against him, it does not necessarily follow that petitioner involuntarily signed the Agreement. Indeed, we cannot perceive how the Sheriff's decision to afford petitioner another chance to continue his employment with the understanding that he would be terminated if he engaged in any future misconduct — rather than proceeding with the scheduled disciplinary hearing — amounts to coercion or duress.

If petitioner found himself in the "untenable position" of having to sign the agreement or proceed with the hearing, he was in that position by virtue of his own misconduct and his extensive disciplinary history, which included seven prior suspensions. Several of the prior suspensions involved false statements made by petitioner to his superiors during their investigations of his misconduct. It is well settled that the "exercise or threatened exercise of a legal right [does] not amount to duress" (*C & H Engrs. v Klargester, Inc.*, 262 AD2d 984, 984; *see Marine Midland Bank v Hallman's Budget Rent-A-Car of Rochester*, 204 AD2d 1007, 1008), and there is no dispute that respondents had a legal right to seek termination of petitioner's employment based on the disciplinary charges that gave rise to the Agreement.

Entered: October 5, 2012                          Frances E. Cafarell
                                                  Clerk of the Court