Robins v Procure Treatment Ctrs., Inc. (2018 NY Slip Op 00464)





Robins v Procure Treatment Ctrs., Inc.


2018 NY Slip Op 00464


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Acosta, P.J., Renwick, Kapnick, Kahn, Kern, JJ.


5543 805644/15

[*1]Barbara Robins, Plaintiff-Respondent,
v
Procure Treatment Centers, Inc., et al., Defendants, Princeton Procure Management LLC, et al., Defendants-Appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Neil M. Willner of counsel), for appellants.
Law Office of Robert F. Danzi, Jericho (Joan M. Ferretti of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered April 19, 2017, which, insofar as appealed from, denied defendants Princeton Procure Management LLC and Procure Proton Therapy Center's motion to dismiss the complaint as against them for lack of personal jurisdiction, unanimously affirmed, without costs.
Plaintiff, a New York City resident, seeks damages for injuries she allegedly sustained as a result of proton radiation treatment she received at a facility owned by defendant Princeton Procure Management LLC (PPM) (d/b/a Procure Proton Therapy Center) and located in Somerset, New Jersey, after having undergone resection of a non-malignant brain tumor at Mount Sinai Hospital in New York.
Plaintiff made a "sufficient start" in establishing that New York courts have jurisdiction over PPM under CPLR 301 and 302(a)(1) to be entitled to disclosure pursuant to CPLR 3211(d) (see Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]). With regard to general jurisdiction, codified in CPLR 301, it is not clear whether PPM's "affiliations with the State [New York] are so continuous and systematic as to render [it] essentially at home in the [] State" (Daimler AG v Bauman, __ US __, 134 S Ct 746, 761 [2014] [internal quotation marks omitted]). However, the record contains a State filing in which PPM identified itself as having a principal place of business in Manhattan — "tangible evidence" upon which to question PPM's claims to the contrary (see SNS Bank v Citibank, 7 AD3d 352, 354 [1st Dept 2004] [internal quotation marks omitted]).
With regard to specific jurisdiction (CPLR 302[a][1]), the record shows that PPM's activities in New York were "purposeful and [that] there is a substantial relationship between the transaction and the claim asserted" (Deutsche Bank Sec., Inc. v Montana Bd. of Invs., 7 NY3d 65, 72 [2006] [internal quotation and citation omitted], cert denied 549 US 1095 [2006]; see also Fischbarg v Doucet, 9 NY3d 375, 380 [2007]). PPM chose and marketed its Somerset, New Jersey, location to target New York residents, touting its proximity to New York in advertising, entered into an agreement with a consortium of New York City hospitals for the referral of cancer patients for treatment at its facility, and provided the consortium's doctors with privileges at its facility. In contrast to Paterno v Laser Spine Inst. (24 NY3d 370 [2014]), a medical malpractice action in which the plaintiff argued that New York courts had jurisdiction over a Florida-based facility and its doctors based on an advertisement and communications, in this case, plaintiff did not seek out PPM. She says that she was directed to PPM by her New York doctor, defendant Raj Shrivastava, as part of a referral fee agreement, that Dr. Shrivastava thereafter co-managed her care, and that PPM billed her directly for Dr. Shrivastava's services.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK