Taxi Tours Inc. v Go N.Y. Tours, Inc. (2022 NY Slip Op 06186)

Taxi Tours Inc. v Go N.Y. Tours, Inc.

2022 NY Slip Op 06186

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Index No. 653012/19 Appeal No. 16592 Case No. 2022-01029 

[*1]Taxi Tours Inc., Plaintiff-Counterclaim Defendant,
v
Go New York Tours, Inc., Defendant-Appellant.
Go New York Tours, Inc., Counterclaim Plaintiff-Appellant,
v
Big Bus Tours Limited et al., Counterclaim Defendants-Respondents, Go City North America, LLC, et al., Counterclaim Defendants.

Barton LLP, New York (Maurice N. Ross of counsel), for appellant.
Olshan Frome & Wolosky LLP, New York (Peter M. Sartorius of counsel), for Big Bus Tours Limited and Go City Limited, respondents.
Wilson Sonsini Goodrich & Rosati, P.C., New York (Kenneth M. Edelson of counsel), for Gray Line New York Tours, Inc., Twin America, LLC, and Sightseeing Pass LLC, respondents.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered January 3, 2022, which, to the extent appealed from as limited by the briefs, granted the motion of counterclaim defendants Gray Line New York Tours, Inc., Twin America, LLC, and Sightseeing Pass LLC (collectively, Gray Line) to dismiss the counterclaim seeking recovery under the Donnelly Act (General Business Law § 340 et seq.) and the counterclaim for tortious interference with prospective business relations for failure to state a claim, and granted the motion of counterclaim defendant Big Bus Tours Limited to dismiss the counterclaims for lack of personal jurisdiction, unanimously affirmed, without costs.
The antitrust counterclaim under the Donnelly Act failed to state a cause of action, as it did not contain facts sufficient to support the allegations that Gray Line conspired with defendant Taxi Tours, a nonparty to this appeal, to disrupt the tour bus market by pressuring various popular New York City tourist attractions to forego partnerships with counterclaim plaintiff Go New York. Given the lack of any allegations concerning specific conspiratorial acts or discussions by the alleged coconspirators, the court properly declined to infer the existence of a conspiracy or an unlawful anticompetitive arrangement among Gray Line, Taxi Tours, and the attractions (see Thome v Alexander & Louise Calder Found., 70 AD3d 88, 111 [1st Dept 2009], lv denied 15 NY3d 703 [2010]). Nor does the record support Go New York's contention that Supreme Court applied the more restrictive federal pleading standard to the Donnelly Act claim.
Likewise, the counterclaim for tortious interference with prospective business relations, which is based on allegations of wrongful economic pressure, fails to state a cause of action. The "wrongful means" underlying the counterclaim is based upon counterclaim defendants' alleged violations of the Donnelly Act — specifically, that with the goal of reducing competition in the tour bus market, they falsely disparaged Go New York to the various tourist attractions and threatened to stop doing business with them if the attractions did business with Go New York (see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 191 [1980]). However, as noted above, and as Supreme Court found, Go New York failed to state a claim under the Donnelly Act. Further, there were no other allegations that counterclaim defendants' conduct amounted to a crime or an independent tort, or that the means they allegedly used to interfere with Go New York's business were sufficiently "extreme and unfair" so as to constitute wrongful means (see Carvel Corp. v Noonan, 3 NY3d 182, 192 [2004]). The counterclaims also did not allege that the sole purpose of counterclaim defendants' actions was a desire to intentionally inflict harm on Go New York (see id. at 190).
As to the jurisdictional issues, Go New York's allegations against Big Bus Tours Limited failed to set forth facts sufficient [*2]to support the exercise of long-arm jurisdiction under CPLR 302. In addition, Supreme Court providently exercised its discretion in denying jurisdictional discovery. Go New York offered no tangible evidence constituting a "sufficient start" to a showing that jurisdiction could exist against Big Bus Tours Limited, which is a UK company (SNS Bank N.V. v Citibank, N.A., 7 AD3d 352, 354 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022