Noris Med., Inc. v Siev (2023 NY Slip Op 01482)

Noris Med., Inc. v Siev

2023 NY Slip Op 01482

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Kapnick, J.P., Kern, Gesmer, Moulton, Higgitt, JJ. 

Index No. 652503/21 Appeal No. 17535 Case No. 2022-03564 

[*1]Noris Medical, Inc., Plaintiff-Respondent,
v
Rami Siev, Defendant-Appellant.

Zeichner Ellman & Krause LLP, New York (Bruce S. Goodman of counsel), for appellant.
Blank Rome LLP, New York (Harris N. Cogan of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about July 26, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the complaint for lack of personal jurisdiction and improper venue, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff, a Rhode Island corporation with its principal place of business in Nevada, commenced this action against defendant, a resident of Israel, alleging that defendant breached his fiduciary duty to plaintiff by failing to perform his marketing and management duties while serving as plaintiff's director.
The determination of whether long-arm jurisdiction exists under CPLR 302(a)(1) is a "two-pronged inquiry" which requires a court to decide "(1) whether the defendant transacts any business in New York and, if so, (2) whether [the] cause of action aris[es] from such a business transaction" (Wilson v Dantas, 128 AD3d 176, 181 [1st Dept 2015] [internal quotation marks omitted], affd 29 NY3d 1051 [2017]). The second prong requires a showing of "an 'articulable nexus' or 'substantial relationship' between the business transaction and the claim asserted" (Licci v Lebanese Can. Bank, SAL, 20 NY3d 327, 339 [2012] [internal citations omitted]; see also Matter of James v iFinex Inc., 185 AD3d 22, 28-29 [1st Dept 2020]).
In support of his motion to dismiss, defendant submitted evidence to show that he had no contacts with New York, had not been in New York since mid-2018, and that the specific transactions alleged in the complaint involved business contacts in Texas and Rhode Island, not New York. In opposition, plaintiff did not dispute defendant's showing, but submitted evidence that it leased an office and opened a bank account in New York with defendant's approval and assistance, and an affidavit of its chief executive officer who made vague and unsubstantiated assertions that defendant did business on plaintiff's behalf in New York at unspecified times with unnamed employees and customers, which was insufficient to establish long-arm jurisdiction (see Coast to Coast Energy, Inc. v Gasarch, 149 AD3d 485, 487 [1st Dept 2017]). Because plaintiff failed to make a "sufficient start, via tangible evidence," of showing that defendant transacted any business in New York having any substantial relationship to the claim alleged in the complaint, jurisdictional discovery was not warranted, and the complaint should have been dismissed (SunLight Gen. Capital LLC v CJS Invs. Inc., 114 AD3d 521, 522 [1st Dept 2014]; see also SNS Bank v Citibank, 7 AD3d 352, 354 [1st Dept 2004]).
In light of the foregoing, we need not consider the issue of venue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023