# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 27
Taxi Tours Inc.,
     Plaintiff,
      v.
Go New York Tours, Inc.,
     Appellant.
----------------------------
Go New York Tours, Inc.,
     Appellant,
      v.
Big Bus Tours Limited, et al.,
     Respondents.

Maurice N. Ross, for appellant.
Kenneth M. Edelson, for respondents Gray Line New York Tours, Inc. et al.

MEMORANDUM:

The Appellate Division order, insofar as appealed from, should be reversed, with costs, and motion by Gray Line New York Tours, Inc., Twin America, LLC and Sightseeing Pass LLC to dismiss as against them the first and second counterclaims denied.

In the underlying action against Go New York related to its tour bus business, Go New York answered and counterclaimed that respondents, Gray Line New York Tours, Inc., Twin America, LLC and Sightseeing Pass LLC—collectively referred to by Go New York as "Gray Line" because these entities allegedly acted in concert and fall within common ownership and control—engaged, amongst other things, in anticompetitive behavior that violated the Donnelly Act (*see* General Business Law § 340 *et seq.*) and constituted tortious interference with prospective business relations.  As relevant here, Supreme Court granted respondents' motion to dismiss these counterclaims as against them. The Appellate Division affirmed on the ground that Go New York failed to allege sufficient facts in support of its Donnelly Act claim and the "wrongful means" underlying its tortious interference counterclaim was nothing more than the insufficient allegations of a Donnelly Act violation (210 AD3d 451 [1st Dept 2022]). We conclude that these counterclaims are adequately pleaded.

On a motion to dismiss for failure to state a claim under CPLR 3211 (a) (7), the Court affords the pleading "a liberal construction" and must "accept the facts as alleged [ ] as true, accord [the nonmoving party] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]); *see also 34-06 73, LLC v Seneca Ins. Co.*, 39 NY3d 44, 51 [2022]). Thus, "[w]hether [the nonmoving party] can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see also Sassi v Mobile Life Support Servs., Inc.*, 37 NY3d 236, 239 [2021]).

The Donnelly Act prohibits "[e]very contract, agreement, arrangement or combination" through which "a monopoly . . . is or may be established or maintained," whereby "competition or the free exercise of any activity in the conduct of business . . . is or may be restrained," or whereby trade or business is or may be restrained "[f]or the purpose of establishing or maintaining any such monopoly or unlawfully interfering with the free exercise of any activity in the conduct of any business, trade or commerce" (General Business Law § 340 [1]). As with a claim brought "under its essentially similar federal progenitor, section 1 of the Sherman Act (15 USC § 1 *et seq*)," a claim brought under the Donnelly Act, at a minimum, "must allege both concerted action by two or more entities and a consequent restraint of trade within an identified relevant product market" (*Global Reins. Corp.-U.S. Branch v Equitas Ltd.*, 18 NY3d 722, 731 [2012]). The Court has recognized that "the sweep of Donnelly may be broader than that of Sherman" insofar as the Donnelly Act proscribes "arrangements" in addition to contracts, combinations, and conspiracies (*State v Mobil Oil Corp.*, 38 NY2d 460, 464 [1976]). Nonetheless, the term "arrangement" does not embrace any practice and has "a connotation similar to that of the other terms," thus requiring "a reciprocal relationship of commitment between two or more legal or economic entities similar to but not embraced within the more exacting terms, 'contract', 'combination' or 'conspiracy' " (*id.*).

Go New York alleges that the Gray Line respondents conspired with other counterclaim defendants (which Go New York refers to as "Big Bus/Leisure Pass"), to leverage their market share to "shut out" Go New York from the "hop-on, hop-off sightseeing tour bus market." According to the facts asserted—which we must accept as

true on this motion—representatives from various New York City attractions refused to do business with Go New York after Gray Line and Big Bus/Leisure Pass impugned Go New York's reputation and threatened to end their business with those attractions if they did business with Go New York. Go New York also alleged that, although certain attractions referenced exclusive relationships with either Gray Line or Big Bus/Leisure Pass as a basis not to partner with Go New York, the attractions in fact partnered with both. Thus, it can be inferred that the claimed exclusive relationships were a pretext to cover for anticompetitive efforts to exclude Go New York. Although sparse, these factual assertions and all the possible inferences to be drawn therefrom are sufficient to allege concerted action between two or more entities and support a cognizable Donnelly Act counterclaim under our liberal notice pleading standards (*see Anheuser-Busch, Inc. v Abrams*, 71 NY2d 327, 333-335 [1988]; *Mobil Oil Corp.*, 38 NY2d at 464; *Leon*, 84 NY2d at 87-88).

Order insofar as appealed from reversed, with costs, and motion by Gray Line New York Tours, Inc., Twin America, LLC and Sightseeing Pass LLC to dismiss as against them the first and second counterclaims denied, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.

Decided March 14, 2024