■ COTIA (USA) LTD., Appellant, v LYNN STEEL CORP. et al., Respondents. [21 NYS3d 231]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered February 17, 2015, which granted defendants' motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, without costs.

Plaintiff, a New York company, sold and delivered four orders of steel to defendants Lynn Steel Corp. (Lynn) and Hudd Steel Corp. (Hudd), both New Jersey corporations. The president of both Lynn and Hudd was defendant William Lynch. Lynn and Hudd failed to fully pay for these deliveries, and then sold substantially all of their assets to defendant UER Metals

Incorporated, a European company. Plaintiff brought claims for breach of contract and fraudulent conveyance, as well as seeking a declaration that Lynn, Hudd, UER and Lynch are all alter egos of each other, permitting plaintiff to pierce the corporate veil. The motion court properly granted defendants' motion to dismiss the complaint on jurisdictional grounds.

First, the purchase and sale transaction, whereby this instate plaintiff shipped goods to the out-of-state defendants, who then failed to fully pay for the goods, is "[t]he classic instance in which personal jurisdiction is found *not* to exist" (*Spencer Laminating Corp. v Denby*, 5 Misc 3d 200, 202 [Civ Ct, NY County 2004, Engoron, J.], citing *M. Katz & Son Billiard Prods. v Correale & Sons*, 26 AD2d 52 [1st Dept 1966], *affd* 20 NY2d 903 [1967]; *see also Glassman v Hyder*, 23 NY2d 354, 362-363 [1968]). Plaintiff has offered nothing but conclusory assertions to support long-arm jurisdiction under CPLR 302 (a) (1). Plaintiff argues that there is no evidence in the record "or even a suggestion that the four contracts were the result of the mere placement of an order and delivery of goods." However, as the party seeking to assert jurisdiction, the burden belongs to plaintiff to present sufficient facts to demonstrate jurisdiction. Moreover, as a party to these transactions, plaintiff would necessarily have first-hand knowledge of any contacts between it and defendants regarding negotiations or execution of the agreements. Thus, it cannot claim that these facts are exclusively within the knowledge of defendants. Given that this is a motion to dismiss under CPLR 3211, plaintiff contends "the correct inference to be drawn by the trial court . . . would be that [defendants] would have engaged in multiple and purposeful contacts in the State of New York." That would not, however, be an inference drawn from the facts alleged, but pure speculation, based on nothing in the record.

The court also properly rejected plaintiff's assertion of jurisdiction under CPLR 302 (a) (3) (ii), for an alleged tort committed without the state causing injury within the state. As to the tort committed without the state, plaintiff points to the alleged fraudulent conveyance of Lynn's and Hudd's assets to UER. This fails, however, because "the situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt" (*Barricade Books, Inc. v Langberg*, 2000 WL 1863764, *4, 2000 US Dist LEXIS 18279, *13 [SD NY, Dec. 19, 2000, No. 95 Civ 8906(NRB)] [internal quotation marks omitted], quoting *Carte v Parkoff*, 152 AD2d 615, 616 [2d Dept 1989]; *see also Mareno v Rowe*, 910 F2d 1043, 1046 [2d Cir 1990], *cert denied* 498 US

1028 [1991]; *Magwitch, L.L.C. v Pusser's Inc.*, 84 AD3d 529, 532 [1st Dept 2011], *lv denied* 18 NY3d 803 [2012]). Thus, this alleged tortious act did not cause injury within New York, but in New Jersey. Plaintiff has also offered nothing but conclusory allegations that any defendant "derives substantial revenue from interstate or international commerce," as required for jurisdiction under CPLR 302 (a) (3) (ii).

Plaintiff's argument that even if it has failed to demonstrate jurisdiction, the court should have granted it jurisdictional discovery, is unpreserved and we decline to address it in the interest of justice. As an alternative holding, we reject it on the merits, as plaintiff has not made a "sufficient start" to warrant such discovery (*see Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *SNS Bank v Citibank*, 7 AD3d 352, 353 [1st Dept 2004]). Concur—Mazzarelli, J.P., Richter, Manzanet-Daniels and Kapnick, JJ.