**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3209-18T3

EBIN NEW YORK, INC.,

    Plaintiff-Appellant,

v.

HUNGSUK HAM, HEESOO HAM,
3H, INC., 3H IMPROVEMENTS,
LLC, 6H ENTERPRISE, LLC, 9H,
INC., 6H, INC., and 12H, LLC,

    Defendants-Respondents.

_____

Submitted May 11, 2020 – Decided May 29, 2020

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8038-18.

Kim, Cho & Lim, LLC, attorneys for appellant (Joshua Seoung Young Lim and Nicholas J. DuBois, on the briefs).

Saiber LLC, attorneys for respondents (Joseph J. Schiavone and Robert Patrick Vacchiano, on the brief).

PER CURIAM

This appeal is from the trial court's February 15, 2019 order dismissing a complaint for lack of personal jurisdiction over the named defendants. We affirm.

Plaintiff EBIN New York, Inc. ("EBIN") is a New Jersey-based company that sells beauty supply products to retail stores. EBIN is incorporated in New Jersey, and its principal place of business is in New Jersey.

Defendants are related businesses collectively known as Coco Beauty Supplies ("Coco"), and their principals. Coco owns and operates five retail stores in Florida that sell beauty items. Coco is incorporated in Florida and does not have any offices, employees, or assets in New Jersey.

Beginning in 2016, EBIN dispatched sales representatives to Florida and persuaded Coco to order some of its hair care and styling products. Coco made multiple purchases from EBIN over the course of the next two years. After receiving those orders, EBIN shipped the goods from New Jersey to Coco in Florida. As described by a certification from one of Coco's principals, Heesoo Ham, an EBIN salesperson would typically come to Florida to receive payment for the goods in person.

Eventually, Coco failed to pay EBIN on several invoices totaling nearly $13,000. Consequently, EBIN sued Coco and its principals in the Law Division to collect on the unpaid balance.

Coco moved to dismiss the complaint based on: (1) lack of in personam jurisdiction in New Jersey, and (2) the doctrine of forum non conveniens. In support of its motion, Coco submitted a certification from Ms. Ham describing the parties' interactions and asserting that defendants have no minimum contacts in this State.

EBIN filed an opposing certification from its counsel, attaching certain documents from the Internet reflecting Coco's social media activities. EBIN argued that Coco had "minimum contacts" with this State arising out of its repeated dealings with EBIN over a two-year period. EBIN further argued that, assuming personal jurisdiction constitutionally exists in New Jersey over Coco, it is not unduly inconvenient to litigate this collections case here rather than in Florida.

After considering the parties' contentions, the trial court granted defendants' motion and dismissed the complaint. Among other things, the court found that the record established neither general nor specific jurisdiction over Coco in New Jersey. The court reasoned in its oral decision:

The facts demonstrate that all the dealings were in Florida with a company that's solely located in Florida. They - they [the Coco defendants] don't engage in business outside of Florida. They have no assets, locations, employees, or bank accounts in New Jersey, never appointed an agent to accept service or process, they've never attended trade shows or other product marketing events in New Jersey, or traveled to New Jersey for any reason.

The fact that these two entities are doing business because a salesman from the plaintiff travels to Florida and - and solicited them in Florida and the only real dealing was that somebody in Florida on behalf of the defendants said they would purchase something and then the order got fulfilled through the plaintiff's facility in New Jersey.

The court added this more generic observation:

If we were going to find jurisdiction on that basis, I think we would open the floodgates that anybody who provides goods can always sue in - in their location, whether or not the other party has minimum contacts with the state generally or specifically. I don't - I just don't find it.

The motion judge issued an implementing order and nine-page rider to the order on February 15, 2019. The rider amplified his reasons for dismissing EBIN's complaint. The judge reiterated in his written opinion that EBIN did not maintain minimum contacts with New Jersey sufficient to establish specific jurisdiction, and that general jurisdiction was similarly lacking. He further determined that Coco's Internet advertisements and social media presence did

4

not establish specific or general personal jurisdiction. The judge did not call for jurisdictional discovery to amplify the record.

Regarding forum non conveniens, the judge noted it was unnecessary for him to reach the issue, but briefly addressed it in the interest of completeness. The judge found that "while there is an interest in resolving [EBIN's] controversies at home, the transactions occurred in [Coco's] stores," and therefore "Florida law would apply, making Florida the best place to litigate the case." Further, "to avoid difficulties, inconvenience, and expense, the litigation should take place in the state where all witnesses and evidence are already located." Accordingly, the judge found "[EBIN's] arguments against dismissal for forum non conveniens equally unavailing."

In this ensuing appeal, EBIN argues the trial court erred in dismissing the complaint. EBIN does not contest the court's finding of the absence of general jurisdiction over Coco in New Jersey, but argues there is a sufficient transactional nexus to create specific jurisdiction in this State. EBIN further maintains that jurisdictional discovery should have been ordered, and that the court also erred in deeming New Jersey an inconvenient forum.

Having considered these arguments, we affirm the trial court's dismissal of the complaint, substantially for the sound reasons expressed in its oral and

written decisions.  We further agree that the court did not misapply its discretion in disallowing jurisdictional discovery.  We add a few comments by way of amplification.

The governing principles of in personam jurisdiction under the Due Process Clause have been well articulated in case law from the United States Supreme Court, culminating in several opinions over the past decade that have further illuminated those principles.

Decades ago, in International Shoe Co. v. Washington, 326 U.S. 310, 316-17 (1945), the Court first instructed that a nonresident defendant must have certain "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  As the Court more recently explained, the "primary focus of [the] personal jurisdiction inquiry is the defendant's relationship to the forum state." Bristol-Myers Squibb Co. v. Superior Court of California, __ U.S. __, __, 137 S. Ct. 1773, 1779 (2017).

In this context, the Court has recognized two types of personal jurisdiction: "general (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." Id., __ U.S. at __ (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)).

A-3209-18T3

Here, the absence of general jurisdiction over defendants is conceded. Hence, only specific jurisdiction needs to be analyzed.

To enable a state court to exercise specific jurisdiction over a nonresident defendant, the lawsuit must "aris[e] out of or relate[e] to the defendant's contacts with the forum." Daimler AG v. Bauman, 571 U.S. 117, 127 (2014) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, n. 8 (1984)). There must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State . . . ." Goodyear, 564 U.S. at 919.

In determining whether there is a sufficient jurisdictional nexus between the nonresident defendant and the forum state, courts must consider whether the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," or "purposefully directed" its conduct into a forum State. Hanson v. Denckla, 357 U.S. 235, 253 (1958); see also Asahi Metal Industry Co. v. Superior Court of Cal., Solano Cty., 480 U.S. 102, 110 (1987).

Beyond proof of purposeful availment, the plaintiff's claim must "arise out of or relate to" the defendant's forum-related activities. Helicopteros Nacionales, 466 U.S. at 414.

Finally, the exercise of jurisdiction must be reasonable under the circumstances by comporting with notions of "fair play and substantial justice." Asahi, 480 U.S. at 113-14; Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78 (1985).

Our case law has followed these precepts. We have adopted an approach to exercise jurisdiction over nonresident defendants "to the uttermost limits permitted by the United States Constitution." Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971); see also R. 4:4-4. We have also acknowledged the fact-specific nature of the jurisdictional assessment, which must be conducted on "a case-by-case basis." Bayway Ref. Co. v. State Util., Inc., 333 N.J. Super. 420, 429 (App. Div. 2000); see also Jardim v. Overley, 461 N.J. Super. 367 (2019); Lebel v. Everglades Marina, Inc., 115 N.J. 317 (1989).

To determine if a defendant's contacts with New Jersey are sufficiently purposeful, we examine the defendant's "'conduct and connection'" with this state, and assess whether the defendant should "reasonably anticipate being haled into court" here. Bayway Refining, 333 N.J. Super. at 429 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)); see also Waste Mgmt. v. Admiral Ins. Co., 138 N.J. 106, 126 (1994).

The trial court correctly applied these principles. The record is bereft of proof that Coco, a Florida enterprise, has minimum contacts with New Jersey. Nor is there proof that Coco "purposefully availed itself" of this State. Defendants' unrefuted certification shows that EBIN initiated the parties' relationship by sending its sales force to Florida and persuading Coco to make purchases. The orders were filled and sent to Coco in Florida. Coco did not travel to New Jersey in connection with the purchases. Instead, it was a passive buyer of products sent by an out-of-state supplier.[1]

We concur with the motion judge that the fact that Coco apparently re-sold goods it obtained from EBIN to other places in the country, including possibly consumers in New Jersey, is not dispositive. Those later transactions are not part of Coco's dealings with EBIN. Specific jurisdiction hinges upon

---

[1] Other states have reached similar conclusions in cases involving claims of jurisdiction over an out-of-state buyer. See, e.g., Cotia (USA) Ltd. v. Lynn Steel Corp., 134 A.D.3d 483, 484 (N.Y. App. Div. 2015) (holding, in a context in which an in-state New York plaintiff shipped goods to an out-of-state defendant, who then failed to fully pay for the goods, the case was "[t]he classic instance in which personal jurisdiction is found not to exist."); PYA/Monarch, Inc. v. Sowell's Meats & Servs. Inc., 327 S.C. 469 (Ct. App. 1997) (concluding a South Carolina meat package company was not subject to personal jurisdiction in North Carolina based on purchasing meat supplies from the plaintiff, a North Carolina wholesaler, on a weekly basis for twenty years, where the plaintiff had solicited the business through its South Carolina sales agents and the meat products were delivered to the defendant's stores in that state).

A-3209-18T3

the activities between a plaintiff and a defendant and not other persons. See Brystol-Meyers Squibb, __ U.S. at __.The cause of action must arise out of those activities. Here, the cause of action concerns unpaid invoices issued by EBIN to Coco, and not any subsequent resales.

We further agree with the trial court that Coco's use of a "NY" hashtag[2] on its social media advertising, which appears to promote Coco sales to its own customers in New York, has no relevance to whether there is specific jurisdiction over Coco in New Jersey. The proximity of the two states is beside the point. There is no proof that Coco has used a New Jersey hashtag in its marketing. Even if it had, there is also no evidence that EBIN's injury arose from Coco's online solicitation. To the contrary, EBIN's alleged injury resulted from unpaid invoices of products that it sold to Coco, not Coco's attempts to make sales to New Jersey customers.

---

[2] The combination of a "pound" or "number" sign (#) and a word or phrase is referred to as a "hashtag" and "hashtags" are utilized on the social media website Twitter in order to classify or categorize a user's particular "tweet," although the use of hashtags has spread to other social media websites and throughout popular culture. Doe v. Mckesson, 272 F.Supp.3d 841 (M.D. La. 2017); see also TWTB, Inc. v. Rampick, 152 F.Supp.3d 549, 563 n.97 (E.D. La. 2016) ("A hashtag is 'a word or phrase preceded by the symbol # that classifies or categorizes the accompanying text (such as a tweet).'")

A-3209-18T3

We agree with the trial court that EBIN's reliance upon the Court's finding of personal jurisdiction in Lebel, 115 N.J. at 317 is unavailing. In Lebel, the defendant, an out-of-state Florida seller, contacted the plaintiff, a New Jersey buyer, over twenty times to solicit business in New Jersey. The Court found those repeated and purposeful solicitations directed to New Jersey created the minimum contacts needed to support jurisdiction. Id. at 320, 330. Conversely, the plaintiff in this case, EBIN, is the party who solicited business from the defendant, Coco, in defendant's own state. The fact that Coco was on the receiving end of that solicitation, and then agreed to purchase goods from a New Jersey company, is not enough to create jurisdiction over Coco in this State. The two cases are readily distinguishable.

In our recent published opinion in Jardim, 461 N.J. Super. at 367, we ruled that a California seller of a used vintage car was not subject to personal jurisdiction in New Jersey, where the car buyer resided. We reasoned that the seller's "one-time" efforts in luring and obtaining the buyer's business did not meet the minimum contacts requirement for jurisdiction, because the seller's online car listing was accessible from anywhere in the country. Id. at 370-71. The fact that the seller was aware that the buyer who contacted him happened to be located in New Jersey was not sufficient to create jurisdiction. Id. at 383.

A-3209-18T3

Although the transactions between the parties here occurred with more frequency than the one-time-sale in Jardim, it notably was EBIN that first contacted Coco, and solicited business from it in Florida. EBIN then filled the solicited orders, shipped products from New Jersey into Florida, and demanded and accepted in-person payments in Florida. And, as we have noted, the unpaid invoices that underlie this collections case have no nexus to New Jersey other than the bare fact that the goods were shipped from this state to Florida.[3]

In sum, we agree with the trial court that the record does not show minimum contacts and purposeful availment to establish specific jurisdiction over Coco in New Jersey. It does not offend constitutional norms of "fair play and substantial justice" to uphold the dismissal of this lawsuit. If EBIN had

---

[3] We decline to consider or rely upon documents improperly included in EBIN's appellate appendix that were not presented to the motion judge below. See R. 2:5-4(a) (instructing that "[t]he record on appeal shall consist of all papers on file in the court or courts or agencies below, with all entries as to matters made on the records of such courts and agencies, the stenographic transcript or statement of the proceedings therein, and all papers filed with or entries made on the records of the appellate court.") Even if we were to consider those documents, they only illustrate the frequency and volume of EBIN's sales to Coco and do not alter the basic facts of which party here had initiated the business relationship, where goods were shipped, and payments made. We need not reach in this case the abstract proposition of whether fact patterns might arise in which an out-of-state buyer's interactions with a New Jersey seller might be so intensive and purposefully directed so as to create an adequate constitutional nexus to this forum.

A-3209-18T3

wanted the right to sue Coco in New Jersey, it should have included a forum selection clause in its contractual documents. To pursue this alleged debt, EBIN can instead file suit against Coco in the Florida courts, subject to whatever defenses may apply.

The trial court did not err by not ordering jurisdictional discovery before it ruled on the dismissal motion. The court had a sufficient record before it to make its decision. EBIN was presumably in possession of the facts relating to the parties' course of dealing with one another. It submitted no certification from a client witness in accordance with Rule 1:6-6 to rebut defendants' own factual assertions. There are no indicia of the existence of "disputed or conflicting facts" concerning the underlying purchases that might necessitate jurisdictional discovery. Rippon v. Smigel, 449 N.J. Super. 344, 359 (App. Div. 2017) (citing Reliance Nat'l Ins. Co. In Liquidation v. Dana Transp., 376 N.J. Super. 537, 551 (App. Div. 2005)). Moreover, we have serious doubts that depositions or other costly discovery measures would have been reasonable to compel in this relatively modest collection case.

Lastly, we need not reach the issue of forum non conveniens, since we are affirming the denial of jurisdiction.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13                                                A-3209-18T3