| Astier v Ondimba |
|:---:|
| 2024 NY Slip Op 30007(U) |
| January 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156010/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 33M

-------------------------------------------------------------------------------X

YAMILEE BONGO ASTIER, SASHA BONGO-ASTIER,

                  Plaintiffs,

           - v -

PASCALINE MFERRI BONGO ONDIMBA, NESTA
BONGO-PING, CHRISTOPHER BONG-PING, LYNN
OTALY-SERGENT, MAEL JUNIOR OTALY-SERGENT,
AMINISHA CORPORATION, PHARUS LLC,

                  Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156010/2022 |
| MOTION DATE | 05/08/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

HON. MARY V. ROSADO:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 18, 19, 20, 21, 22, 23, 28, 31, 33, 35, 36, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51

were read on this motion to/for                DISMISSAL             .

Upon the foregoing documents, and after oral argument which occurred on August 29, 2023 where Kenneth Sussmane, Esq. appeared for Plaintiffs Yamille Bongo Astier and Sasha Bondo-Astier (together, "Plaintiffs"); Angelica Aminov, Esq. and Michael Grudberg, Esq. appeared for Defendants Aminisha Corporation and Pharus LLC (the "Corporate Defendants"); and Alice Buttrick, Esq. and Jonathan P. Bach, Esq. appeared for Defendants Pascaline Mferri Bongo Ondimba, Nesta Bongo-Ping, Christopher Bong-Ping, Lynn Otaly-Sergent, and Mael Junior Otaly-Sergent (together, the "Individual Defendants"), the Individual Defendants' motion for an Order dismissing Plaintiffs' claims against them is granted. Plaintiffs' cross-motion for leave to file an amended complaint is denied.

*[The remainder of this page is intentionally left blank]*

156010/2022 BONGO ASTIER, YAMILEE ET AL vs. BONGO ONDIMBA, PASCALINE MFERRI ET AL
Motion No. 003

Page 1 of 8

1 of 8

## I.    Background

Plaintiffs Yamille Bongo Astier and her daughter Sasha Bondo-Astier are alleged to be the daughter and granddaughter, respectfully, of Omar Bongo Ondimba ("President Ondimba"), the former President of Gabon (NYSCEF Doc. 35 at p. 5). Plaintiffs commenced this action against the Individual Defendants and Corporate Defendants (collectively, "Defendants") on July 19, 2022, claiming that after the death of President Ondimba, Defendants misappropriated funds from President Ondimba's Estate (the "Estate") that Plaintiffs were entitled to (NYSCEF Doc. 1).

On May 8, 2023, the Individual Defendants brought the instant motion to dismiss Plaintiffs' claims against them on the grounds that (1) disputes over a foreign estate do not belong in this Court; (2) Plaintiffs lack standing to assert claims on behalf of the Estate; (3) this Court lacks personal jurisdiction over the Individual Defendants; (4) Plaintiffs fail to join necessary parties; (5) Plaintiffs' claims are time-barred; (6) Plaintiffs fail to state a claim; and (7) Plaintiffs' claims should not proceed in this forum (NYSCEF Doc. 19). On June 23, 2023 Plaintiffs filed a cross-motion for leave to file an amended complaint (NYSCEF Doc. 38).

## II.    Discussion

### a.    Plaintiffs' Claims are Dismissed for Lack of Personal Jurisdiction

The Individual Defendants move to dismiss Plaintiffs' Complaint pursuant to CPLR 3211(a)(8) on the ground that this Court lacks personal jurisdiction over the Individual Defendants. Where a defendant moves to dismiss pursuant to CPLR 3211(a)(8), it is the plaintiff's burden to prove the court has jurisdiction (*Copp v Ramirez*, 62 AD3d 23, 28, 874 [1st Dept 2009]). As discussed below, Plaintiffs have failed to meet their burden of demonstrating that this Court has personal jurisdiction over the Individual Defendants.

[* 2]                                                      2 of 8

Preliminarily, Plaintiffs concede that this Court does not have personal jurisdiction with respect to Defendants Lynn Otaly-Sergent and Mael Junior Otaly-Sergent (NYSCEF Doc. 35 at p. 8). Plaintiffs further concede that none of the Individual Defendants are domiciled in New York (NYSCEF Doc. 1 at ¶ A at 4-5).

It is well established that "a court may not exercise personal jurisdiction over a nondomiciliary unless two requirements are satisfied: the action is permissible under New York's long-arm statute, and the exercise of jurisdiction comports with due process" (*English v Avon Prods., Inc.*, 206 AD3d 404, 405 [1st Dept 2022]).

> i. Plaintiffs' Claims are not Permissible Under CPLR 302(a)

Pursuant to CPLR 302(a), a New York court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state…; or (3) commits a tortious act without the state causing injury to person or property within the state…if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state.

Plaintiffs' Complaint contains no allegation that the Individual Defendants transact any business in New York State, or engaged in any tortious act within New York State, or possess any property in New York State. While Plaintiffs argue that the Complaint satisfies the elements of CPLR 302(a)(3) with respect to Defendants Pascaline, Nesta and Christopher because "[t]he injury to Plaintiffs occurred in New York" and the alleged tortious acts "would reasonably be

156010/2022  BONGO ASTIER, YAMILEE ET AL vs. BONGO ONDIMBA, PASCALINE MFERRI ET AL
Motion No. 003

Page 3 of 8

[* 3]

expected to have consequences to Plaintiffs in New York" (NYSCEF Doc. 35 at p. 10), this argument is unavailing.

It is well established that, for the purposes of CPLR 302(a)(3), "the situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt" (*Cotia (USA) Ltd. v Lynn Steel Corp.*, 134 AD3d 483, 484 [1st Dept 2015] (internal citations omitted); *see also Marie v Altshuler*, 30 AD3d 271, 272 [1st Dept 2006]) (holding that "the rule that the situs of the injury for long-arm purposes is where the event giving rise to the injury occurred, not where the resultant damages occurred, is not restricted to medical malpractice or personal injury cases"). Further, Courts have firmly held that "the residence or domicile of the injured party within a State is not a sufficient predicate for jurisdiction, which must be based upon a more direct injury within the State and a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured person resides or is domiciled there" (*Fantis Foods, Inc. v Standard Importing Co.* 49 NY2d 317, 326 [1980]; *see also*, (*IIII Trinity Apex Invs. LLC v Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P.*, 210 AD3d 474, 476 [1st Dept 2022]) (holding that "Plaintiffs' reliance on [an] alleged extortion as a basis for CPLR 302(a)(3) jurisdiction is…misplaced, because their having felt economic injury in New York, alone, is not sufficient to confer jurisdiction under that subsection").

While Plaintiffs' opposition relies substantially on the First Department's decision in *Tonelli v. Chase Manhattan Bank, N.A.*, 49 AD2d 731, (1st Dept 1975), which held that jurisdiction was proper where "[t]he facts as alleged in the complaint, if proven, would establish a tortious act committed in New Jersey which would reasonably be expected to have

consequences in New York," the *Tonelli* decision predates the above cited decisions in *Cotia*, *Marie*, *Fantis* and *HH Trinity Apex Invs. LLC*, and is thus unavailing.

Accordingly, Plaintiffs' claim that the effects of the Individual Defendants' alleged tortious conduct were felt by Plaintiffs in New York merely because Plaintiffs were New York residents suffering economic injury in New York, is not sufficient to establish injury to person or property within the state for purposes of CPLR 302(a).

ii. This Court's Exercise of Personal Jurisdiction Over the Individual Defendants Would Not Comport with Due Process

Even assuming *arguendo* and contrary to law and fact that Plaintiffs sufficiently pled injury to person or property within New York, this Court's exercise of personal jurisdiction over the Individual Defendants would violate the requirements of due process.

Once the requirements of CPLR 302(a) have been met, further inquiry is required "to determine whether the exercise of personal jurisdiction comports with traditional notions of fair play, substantial justice, and due process" (*English* at 406). The "due process" element "is satisfied where the nondomiciliary has minimum contacts with New York State and based upon those contacts, defendant could or should have reasonably anticipated being 'haled into court' here" (*Id.* at 407).

The Court of Appeals has held that jurisdiction will be upheld "where the defendant purposefully reaches beyond their State into another but 'the relationship between the defendant and the forum state must arise out of defendant's own contacts with the forum and not contacts between the plaintiff…and the forum State'" (*State of New York v Vayu, Inc.* 39 NY3d 330, 337 [2023]) (quoting *Williams v Beemiller, Inc.*, 33 NY3d 523, 529 [2019]).

156010/2022   BONGO ASTIER, YAMILEE ET AL vs. BONGO ONDIMBA, PASCALINE MFERRI ET AL
Motion No. 003

Page 5 of 8

5 of 8

In *Walden v Fiore*, 571 U.S. 277 (2014), the United States Supreme Court held that;

"mere injury to a forum resident is not a sufficient connection to the forum...The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."

In *Walden*, the Court further held that where a defendant's relevant conduct occurred entirely out of state, "the mere fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction" (*Id.* at 291). For the exercise of personal jurisdiction to be proper, "it is essential that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws" (*Deutsche Bank Sec., Inc. v Montana Bd. of Invs.*, 21 AD3d 90, 94 [1st Dept 2005]).

In the case at bar, Plaintiffs' Complaint fails to allege that the Individual Defendants had sufficient contacts with New York to establish personal jurisdiction. Plaintiffs' claim that the Individual Defendants knew that Plaintiffs lived in New York and were likely to suffer damages there (NYSCEF Doc. 35 at p. 6) is insufficient to establish the Individual Defendants requisite contacts with New York.

As none of the Individual Defendants are domiciled in New York and Plaintiffs failed to adequately claim that the Individual Defendants transacted any business in New York, engaged in any tortious act within New York, possessed any property in New York, caused injury to Plaintiffs' person or property within New York, or established the requisite minimum contacts in New York, this Court does not have personal jurisdiction over the Individual Defendants

156010/2022  BONGO ASTIER, YAMILEE ET AL vs. BONGO ONDIMBA, PASCALINE MFERRI ET AL
Motion No. 003

Page 6 of 8

6 of 8

pursuant to CPLR 302, and Plaintiffs' claims against the Individual Defendants must be dismissed.[1]

b. Plaintiffs' Cross Motion for Leave to File an Amended Complaint is Denied

It is well established that denial of leave to file an amended complaint is proper where the proposed amended complaint (NYSCEF Doc. 42) "suffers from the same fatal deficiency as the original claims" (*J. Doe No. 1 v CBS Broadcasting Inc.*, 24 AD3d 215 [1st Dept 2005]).

Here, Plaintiffs' Proposed Amended Complaint fails to remedy the deficiencies discussed above with respect to this Court's personal jurisdiction over the Individual Defendants. Specifically, Plaintiffs' Proposed Amended Complaint fails to include allegations that the Individual Defendants have sufficient minimum contacts with New York to render personal jurisdiction proper. In fact, Plaintiffs' Proposed Amended Complaint fails to allege that the Individual Defendants engaged in any conduct or acts in New York whatsoever, except for a single allegation that Defendant Pascaline addressed correspondence to Plaintiff in New York (NYSCEF Doc. 42 at ¶16). The First Department has held that telephone calls and written communications "generally are held not to provide sufficient basis for personal jurisdiction under the long-arm statute" unless they have been 'used by the defendant to actively participate in business transactions in New York'" (*Liberatore v Calvino*, 293 AD2d 217, 220 [1st Dept 2002]) (quoting *Levisohn, Lerner, Berger & Langsam v Medical Taping Sys., Inc.*, 10 F. Supp. 2d 334, 344 [S.D.N.Y. 1998]).

As Plaintiffs' Proposed Amended Complaint suffers from the same fatal deficiency as the original claims with respect to this Court's personal jurisdiction over the Individual Defendants, Plaintiffs' cross-motion for leave to file an amended complaint is denied.

---

[1] Having dismissed Plaintiffs' claims against the Individual Defendants based on this Court's lack of personal jurisdiction, the Individual Defendants' alternative grounds for dismissal need not be considered.

156010/2022   BONGO ASTIER, YAMILEE ET AL vs. BONGO ONDIMBA, PASCALINE MFERRI ET AL
Motion No. 003

Accordingly, it is hereby,

ORDERED that the Individual Defendants' motion for an Order dismissing Plaintiffs' claims against them is granted, and Plaintiffs' claims against the Individual Defendants are dismissed in their entirety; and it is further

ORDERED that Plaintiffs Yamille Bongo Astier and Sasha Bondo-Astier's cross-motion for an Order granting Plaintiffs leave to file an amended complaint is denied; and it is further

ORDERED that within ten (10) days of entry, counsel for the Individual Defendants shall serve a copy of this Decision and Order, with notice of entry, on Plaintiffs Yamille Bongo Astier and Sasha Bondo-Astier; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 1/2/2024 | | | | *Mag V Road JSC* |
|---|---|---|---|---|
| DATE | | | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

156010/2022   BONGO ASTIER, YAMILEE ET AL vs. BONGO ONDIMBA, PASCALINE MFERRI ET AL
Motion No. 003

Page 8 of 8

8 of 8