| **Wilmar Sugar Pte. Ltd. v Chiaradia** |
|:---:|
| 2025 NY Slip Op 30088(U) |
| January 8, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157053/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**

*Justice*

PART 11M

-----------------------------------------------------------------------------X

WILMAR SUGAR PTE. LTD.,

Plaintiff,

- v -

PIERRE JEAN CHIARADIA, FREEPOINT COMMODITIES, LLC

Defendant.

-----------------------------------------------------------------------------X

INDEX NO. 157053/2024

MOTION DATE 09/17/2024

MOTION SEQ. NO. 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 6, 7, 8, 9, 10, 11, 12, 15, 22, 23

were read on this motion to/for                                        DISMISSAL                        .

Upon the foregoing documents, defendants' motion is granted.[1]

## Background

Plaintiff Wilmar Sugar Pte. Ltd. ("Plaintiff") is a Singaporean agricultural manufacturing company that is one of the world's top ten raw sugar producers. In February of 2024, Plaintiff was made aware of rumors being spread via WhatsApp messages that Plaintiff had been asked by regulators on the Intercontinental Exchange ("ICE") to liquidate its contract position due to a breach of the market limits. Plaintiff became aware of this rumor when an unidentified third party shared the messages with them. These false rumors impacted the sugar market for a few days until it became apparent that the rumor was false. Plaintiff believes, based on "investigation, and exercising extreme due diligence", that the source of the rumor was a French oil trader, defendant Pierre Jean Chiaradia ("Individual Defendant" or "Chiaradia"). Chiaradia is

---

[1] The Court would like to thank Mingyue Deng for her assistance in this matter.

**157053/2024  WILMAR SUGAR PTE. LTD. vs. CHIARADIA, PIERRE JEAN ET AL**
**Motion No.  002**

Page 1 of 7

1 of 7

[* 1]

employed by another Singaporean company, Freepoint Commodities Singapore Ltd. ("Freepoint Singapore").

Plaintiff filed suit against Chiaradia and Freepoint Commodities LLC ("Corporate Defendant" or "Freepoint Commodities", collectively with Individual Defendant "Defendants"), a Delaware corporation with a principal place of business in New York. In the complaint, Plaintiff pleads claims for defamation *per se* and negligence. Defendants have brought the present motion to dismiss.

## Standard of Review

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned

157053/2024   WILMAR SUGAR PTE. LTD. vs. CHIARADIA, PIERRE JEAN ET AL
Motion No.  002

Page 2 of 7

2 of 7

which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

CPLR § 3211(a)(8) allows a party to move to dismiss claims asserted against them on the grounds that the court lacks jurisdiction over the party. When such a motion is brought, the plaintiff then "has the burden of presenting sufficient evidence, through affidavits and relevant documents, to demonstrate that jurisdiction over the defendants is warranted." *Bangladesh Bank v. Rizal Commercial Banking Corp.*, 226 A.D.3d 60, 74 (1st Dept. 2024).

**Discussion**

Defendants have moved to dismiss the complaint on various grounds: that this Court lacks personal jurisdiction over the Individual Defendant because service was improper and there is no long-arm jurisdiction; that the defamation causes of action fail to state a claim and should be dismissed under CPLR § 3211(a)(7) and fail to show a substantial basis under the Anti-SLAPP law; that the negligence claim fails to state a claim; and that the claims against the Corporate Defendant fail both because there can be no vicarious liability when there is no liability against the Individual Defendant and because, regardless, Freepoint Commodities is not the Individual Defendant's employer. For the reasons that follow, the motion is granted on grounds of lack of jurisdiction.

*There is No Personal Jurisdiction over Chiaradia Under the Long-Arm Statute*

Because there have been no allegations that Chiaradia is domiciled in New York, for this Court to have personal jurisdiction over him the requirements of both the Constitution and New York's long-arm statute must be satisfied. Under the long-arm statute CPLR § 302(a)(1), a court has personal jurisdiction over a person domiciled elsewhere when that person "transacts any business within the state or contracts anywhere to supply goods or services in the state." This is a

157053/2024   WILMAR SUGAR PTE. LTD. vs. CHIARADIA, PIERRE JEAN ET AL        Page 3 of 7
   Motion No.  002

3 of 7

[* 3]

"single-act statute where proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities" satisfy the relevant test. *Bangladesh Bank*, at 80. The CPLR § 302(a)(1) "jurisdictional inquiry is twofold: under the first prong the defendant must have conducted sufficient activities to have transacted business in the state, and under the second prong, the claims must arise from the transactions." *Rushaid v. Pictet & Cie*, 28 N.Y.3d 316, 323 (2016).

Turning to the first prong in the analysis, Plaintiff argues that because Chiaradia is a commodities trader, and because the sugar market is set by ICE which resolves its disputes in New York, this satisfies the transacted business in the state (or purposeful activities) requirement. This requirement involves "volitional acts by which the non-domiciliary avails itself of the privilege of conduction activities within the forum state, thus invoking the benefits and protections of its laws", and "[m]ore than limited contacts are required." *Coast to Coast Energy, Inc. v. Gasarch*, 149 A.D.3d 485, 486 (1st Dept. 2017). Furthermore, the "totality of the circumstances [must] indicate that the exercise of jurisdiction would be proper." *Liberatore v. Calvino*, 293 A.D.2d 217, 220 (1st Dept. 2002). Leaving aside the ramifications of holding that New York has broad personal jurisdiction over any person in the world who trades on a commodities market set by ICE or other companies with a New York connection, any alleged connection that Chiaradia has with New York is tenuous at best and falls short of the purposeful requirement.

Even if the first prong was satisfied, here the second prong of the personal jurisdiction analysis has clearly not been met. Once purposeful activities have been established, there must also be a showing that the claim at issue arises out of said activities. *Rushaid*, at 323. Such a nexus must have "a substantial relationship between the transaction and the claim asserted" and

[* 4]

there can be no jurisdiction "where the relationship between the claim and transaction is too attenuated." *Copp v. Ramirez*, 62 A.D.3d 23, 28 (1st Dept. 2009). The issue that Plaintiff has here is that, even assuming that their allegations regarding Chiaradia's connections to New York are true, they have not established a substantial relationship between utilizing a commodities market that resolves disputes in New York and the alleged statements made to unidentified third parties (presumably in Singapore) about a Singaporean company. Their claims for defamation and negligence simply do not arise out of Chiaradia's alleged connections to New York. Plaintiff has failed to meet their burden of establishing that this Court has personal jurisdiction over the Individual Defendant.

*Plaintiff Has Not Made a Sufficient Start in Demonstrating that Personal Jurisdiction Exists*

Plaintiff requests jurisdictional discovery to further uncover any connections that Chiaradia has with New York, but here again Plaintiff fails to meet their burden. Because often facts relevant to the determination of personal jurisdiction remain in the control of the opposing party, a "plaintiff need only make a sufficient start in demonstrating … the existence of personal jurisdiction in responding to defendants' motion." *Bangladesh Bank*, at 74. Here, Plaintiff has not demonstrated anything beyond mere speculation in their papers that there is personal jurisdiction over the Individual Defendant. Conclusory allegations are not sufficient to support long-arm jurisdiction. *Cotia (USA) Ltd. v. Lynn Steel Corp.*, 134 A.D.3d 483, 485 (1st Dept. 2015). When a plaintiff has nothing beyond such conclusory allegations, they have necessarily failed to satisfy the sufficient start standard. *Id.*; *see also ABKCO Music, Inc. v. McMahon*, 175 A.D.3d 1201, 1202 (1st Dept. 2019); *SNS Bank, N.V. v. Citibank, N.A.*, 7 A.D.3d 352, 354 (1st Dept. 2004) (denying discovery when plaintiff "failed to offer some tangible evidence which would constitute a sufficient start"). Therefore, there are no grounds for jurisdictional discovery,

157053/2024   WILMAR SUGAR PTE. LTD. vs. CHIARADIA, PIERRE JEAN ET AL          Page 5 of 7
Motion No.  002

5 of 7

and there are no issues of fact to resolve. This Court lacks personal jurisdiction over the Individual Defendant.

*There is No Basis for Vicarious Liability for Corporate Defendant*

Plaintiff appears to have filed suit against Freepoint Commodities on the grounds that Chiaradia is (allegedly) an employee of the company. This argument fails for two reasons. First, the Court of Appeals has held that "it is manifest that there can be no vicarious liability on the part of the employer if the employee himself is not liable." *Karaduman v. Newsday*, 51 N.Y.2d 531, 546 (1980). Here, the Court has no jurisdiction over the alleged employee in order to hold him liable in the state of New York, therefore it cannot hear the claims brought against his alleged employer on the principle of vicarious liability.

Secondly, Defendants have provided documentary evidence in the form of an employment agreement, which clearly states that Chiaradia is employed by "Freepoint Commodities Singapore Pte. Ltd., a Singapore limited liability company." Plaintiff argues vaguely that "the distinction between Freepoint and Freepoint Commodities Singapore Pte. Ltd. is not clear", but they have not made any adequate showing of why the separate corporate forms of the two companies should be disregarded. Amendment of the complaint to add Freepoint Singapore would be futile, as there has been no showing that this Court has personal jurisdiction over Freepoint Singapore. Plaintiff has not met their jurisdictional burden as to the Corporate Defendant.

*Because There is No Jurisdiction, the Court Cannot Reach the Anti-SLAPP Analysis and Therefore Cannot Award Attorneys' Fees*

Finally, Defendants have moved to dismiss the complaint on the grounds of lack of jurisdiction, failure to state a claim, and the Anti-SLAPP law. The Anti-SLAPP law allows for

**157053/2024   WILMAR SUGAR PTE. LTD. vs. CHIARADIA, PIERRE JEAN ET AL**                    **Page 6 of 7**
  **Motion No.  002**

[* 6]                                                    6 of 7

defendants in certain circumstances to recover attorneys' fees from plaintiffs. The First Department recently held that when a court dismisses a complaint for lack of jurisdiction, it is not required to reach the Anti-SLAPP analysis and the resulting claim for attorneys' fees. *Umami Labs LLC v. Erisman*, 220 N.Y.S.3d 306, 306 (1st Dept. 2024). Therefore, because here the Court lacks personal jurisdiction over either defendant, there is no need to reach the Anti-SLAPP issue. Accordingly, it is hereby

ORDERED that defendants' motion to dismiss the complaint is granted, and the Clerk of the Court shall enter judgment of dismissal of this action in its entirety.

20250108155200LFRANK0A4D97B996B54BFD88AE6E0D8980A653

| 1/8/2025 | | LYLE E. FRANK, J.S.C. |
| DATE | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

157053/2024   WILMAR SUGAR PTE. LTD. vs. CHIARADIA, PIERRE JEAN ET AL
Motion No.  002

Page 7 of 7

7 of 7